NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0250n.06

No. 08-3626

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Apr 23, 2010**

LEONARD GREEN, Clerk

BRIAN J. VIERGUTZ,

        **Plaintiff-Appellant,**

v.

LUCENT TECHNOLOGIES, INC.

        **Defendant-Appellee.**

_____/

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

BEFORE:  MARTIN, SUHRHEINRICH, and WHITE, Circuit Judges.

**SUHRHEINRICH, Circuit Judge.**  Plaintiff-Appellant Brian Viergutz ("Viergutz"), proceeding pro se, appeals from the order and judgment of the district court granting summary judgment to Defendant-Appellee Lucent Technologies, Inc. ("Lucent") in this action under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA").  We AFFIRM.

**I.  Background**

Lucent hired Viergutz in 1997 as an installer.  He was forty-three years old.  In December 2002, Lucent reduced its workforce, and Viergutz was laid off.  While employed at Lucent, Viergutz had, by his own account, numerous interpersonal conflicts with his peers.

In 2005, Lucent posted a job listing for installers, and Viergutz applied.  His application was forwarded by human resources personnel to the hiring manager, Melissa Reznick.  Reznick recognized Viergutz's name because she had briefly supervised him.  Reznick decided not to interview Viergutz because she knew from other managers that he had a poor reputation.  Further,

his level of experience exceeded what the new position required. Reznick informed the human resources personnel team that Viergutz "would not be a good candidate for this job," because he had "a bad reputation" and that it was "not in Lucent's best interest to hire Brian for this job." Lucent hired Jared Sudy. He had a background in general laborer work and met the skill set necessary for the position. He was under forty years of age.

On August 22, 2005, Viergutz filed a charge claiming age discrimination with the Equal Employment Opportunity Commission ("EEOC"). On January 31, 2006, the EEOC dismissed the charge and issued a right to sue notice. On March 31, 2006, Viergutz filed suit in federal district court, but dismissed it on August 3, 2006, with the court's permission. Thirty-six days later he filed a similar complaint in state court. The complaint presented two claims. First, Viergutz alleged age discrimination under the ADEA arising out of Lucent's decision not to hire him for the installer position in 2005. Second, he stated a claim of "Harassment/Defamation of Character" based on various events during his employment at Lucent, specifically "rumors and lies" by various managers and coworkers which destroyed his reputation as a technician and caused him to have a heart attack in May 2002. Lucent removed this action to federal district court on both federal question and diversity grounds.

After discovery, Lucent moved for summary judgment on both claims. In response to Lucent's motion, Viergutz filed a four-page unsworn statement, without any supporting affidavits or admissible evidence. Viergutz claimed simply that he could "prove, with witnesses and documents that I was an above average installer, with a good attitude and I worked well with others

while working at Lucent Technologies." ROA 144-45. On April 11, 2008, the district court granted Lucent's motion and Viergutz then filed this timely appeal.

## II. Analysis

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). This court reviews *de novo* the district court's grant of summary judgment. *Briscoe v. Fine*, 444 F.3d 478, 485 (6th Cir. 2006) (citation omitted).

## A. ADEA Claim

The ADEA prohibits an employer from refusing to hire an employee "because of such individual's age." 29 U.S.C. § 623(a)(1). "'The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination.'" *Geiger v. Tower Automotive*, 579 F.3d 614, 620 (6th Cir. 2009) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 153 (2000)).

A plaintiff may establish a violation of the ADEA with circumstantial evidence. *See Geiger*, 579 F.3d at 620 . " Once a plaintiff satisfies his . . . prima facie burden, the burden of production shifts to the employer to articulate a legitimate nondiscriminatory reason for the adverse employment action." *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 394 (6th Cir. 2008) (internal quotation marks and citation omitted). If the employer meets this burden, the burden of production shifts back to the plaintiff to show that the employer's explanation was a mere pretext for intentional age discrimination. *Id.* (citation omitted). The burden of persuasion, however, remains on the ADEA

plaintiff at all times to demonstrate "'that age was the "but-for" cause of their employer's adverse action.'" *Geiger*, 579 F.3d at 620 (quoting *Gross v. FBL Fin. Servs. Inc.*, 129 S.Ct. 2343, 2351 n.4 (2009)).[1]

It is undisputed here that Viergutz established a prima facie case of discrimination because (1) he is a member of a protected class (over 40 years of age); (2) he was subjected to an adverse employment action; (3) he applied for and was qualified to perform the position of installer; (3) he was considered for and denied the position; and (4) he was rejected in favor of another person with similar qualifications who was substantially younger. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 368 (6th Cir. 1998).

The burden of production therefore shifted to Lucent. As the district court held, Lucent stated a legitimate, nondiscriminatory reason for not hiring Viergutz–his poor reputation. In her affidavit, Reznick averred that Viergutz's supervisors indicated that he did not work well with others and needed constant supervision. *See, e.g., Stein v. Kent State Univ.*, No. 98-3278, 1999 WL 357752, at *9 (6th Cir. May 11, 1999) (defendants offered the plaintiff's non-collegiality and unwillingness to cooperate with others as nondiscriminatory reason); *McShane v. U.S. Att'y Gen.*, 144 F. App'x 779, 792-93 (11th Cir. 2005) (holding that employer offered a legitimate nondiscriminatory reason for terminating the plaintiff because she could not get along well with others).

---

[1] In *Gross v. FBL Fin. Servs. Inc.*, 129 S.Ct. 2343, 2349 & n.2 (2009), the Supreme Court expressly declined to decide whether the *McDonnell Douglas* test applies to the ADEA. This Court recently held that the *McDonnell Douglas* framework may still be used to analyze ADEA claims based on circumstantial evidence. *Geiger*, 579 F.3d at 622.

After Lucent met its burden of production, the burden shifted back to Viergutz to show pretext. Again, as the district court also found, Viergutz failed to demonstrate that Lucent's proffered reason had no basis in fact, did not actually motivate the defendant's challenged conduct, or was insufficient to motivate the defendant's challenged conduct. *See Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994).

Lucent's decision not to hire Viergutz had a basis in fact. As the job posting stated, the position performed "321 level Installation Work, to free up higher skilled installers for higher skilled jobs." Viergutz's superior skills did not make him more qualified than the other applicant because his superior abilities were not needed for the installer position. Reznick's focus on Viergutz's poor reputation also had a basis in fact. Viergutz does not dispute that he was referred for a psychiatric evaluation after an incident with a coworker in 2000. Tom Gavel, who also supervised Viergutz, described Viergutz as "ready to snap" and stated coworkers were afraid "he'll explode." And Viergutz's own deposition testimony chronicles numerous disputes with coworkers. While he may dispute the characterizations of these disputes, there is no doubt that they occurred. Thus, even if Viergutz's unsupported assertions were ultimately the correct view, they do not dispel Lucent's belief that Viergutz would be a troublesome employee. *See Smith v. Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir. 1998) (holding that "[i]n deciding whether an employer reasonably relied on the particularized facts then before it," this court "do[es] not require that the decisional process used by the employer be optimal or that it left no stone unturned. Rather, the key inquiry is whether the employer made a reasonably informed and considered decision before taking an adverse employment action").

Reznick's affidavit as well and her email to the human resources personnel establish that Viergutz's poor reputation actually motivated the decision. Finally, as noted above, the inability to get along with co-workers is a sufficient basis to take adverse employment action. In short, Viergutz failed to show that Lucent's reasons for failing to hire him were pretextual.

Viergutz alleges that he would present documents and witnesses to support his claim at trial. However, he was obligated at the summary judgment phase to "identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (citations omitted). Indeed, Federal Rule of Civil Procedure 56(e)(2) requires that "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Viergutz's status as a pro se litigant does not alter his duty on a summary judgment motion. *See United States v. Ninety Three Firearms*, 330 F.3d 414, 427-28 (6th Cir. 2003) (holding that in this circuit there is no rule providing "special assistance" to nonprisoner pro se litigants responding to summary judgment motions). Viergutz's opinion of his performance, which he suggests would establish that his bad reputation is baseless, is insufficient to refute Lucent's honestly held belief. *See, e.g., Briggs v. Potter*, 463 F.3d 507, 516 (6th Cir. 2006) (stating that the employee's "subjective view of [his] qualifications in relation to those of other applicants, without more, cannot sustain a claim of discrimination") (internal quotation marks and citation omitted).

### B. Harassment Claim

A hostile work environment occurs "when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotations and citations omitted). The only evidence Viergutz has produced is his self-described personality conflicts with former managers and coworkers. However, to advance a hostile work environment claim under the ADEA, Viergutz must show that he was "subjected to harassment . . . based on age." *Crawford v. Medina Gen. Hosp.*, 96 F.3d 830, 834 (6th Cir. 1996). In any event, Viergutz failed to timely submit a charge to the EEOC. The ADEA applies to acts that occurred within 300 days of when the EEOC charge was filed. *See Amini*, 259 F.3d at 498 (noting that Ohio is a deferral state and therefore a plaintiff has 300 days from alleged unlawful employment practice to file a charge with the EEOC). Viergutz's challenge to events that occurred when he worked at Lucent his claim is time-barred.

### C. Defamation Claim

Viergutz's defamation claim is also time-barred. The alleged defamation occurred during his employment at Lucent between 1997 and 2002. He did not file this action until 2006, long past Ohio's one-year statute of limitations period. *See* Ohio Rev. Code § 2305.11(A). *See also Friedler v. Equitable Life Assur. Soc'y of U.S.*, 86 F. App'x 50, 53 (6th Cir. 2003) (noting that the statute of limitations begins to run when the allegedly defamatory statements are made, regardless of victim's knowledge of them). Viergutz has not alleged that any defamatory statements were made within the one year prior to the time he brought this suit.

No. 08-3626
*Viergutz v. Lucent Technologies, Inc.*

### III. Conclusion

For the foregoing reasons, as well as those articulated by the district court in its opinion dated

April 11, 2008, the judgment of the district court is **AFFIRMED**.

BOYCE F. MARTIN, Jr., Circuit Judge, with whom WHITE, Circuit Judge, joins, concurring. I concur fully in the lead opinion. I write separately to make two comments.

First, Mr. Viergutz's pro se brief makes it clear that he feels wronged. I do not doubt that his feelings are genuine. It is equally clear that this feeling is compounded by what he perceives as a system stacked against him. He states numerous times that all he seeks is his day in court. He comments, candidly and poetically, that he "must have failed to properly present my case. In my formal complaint I thought I sincerely explained it properly. I truly believe that justice should not be only for the individuals who can afford it." I could not agree more. For that reason, I have devoted significant effort to ensure that dismissing Mr. Viergutz's claims is the right result under the law and not merely the product of a legal mismatch. I am convinced that the result would have been the same even had Mr. Viergutz had the services of a lawyer, the only difference being that Mr. Viergutz has saved himself substantial expense in attorney's fees. In these kinds of cases, it is all too common that pro se litigants perceive our affirmance of the dismissal of their claims as just another example of a rigged, self-protecting system. It is my sincere hope that Mr. Viergutz walks away knowing that he did receive his day in court and that nothing he or anyone else could have done would have changed the outcome.

Second, I feel compelled to compliment counsel for Lucent on his presentation of the issues in his brief to this Court. It is not uncommon that we see briefs, especially in civil cases, replete with counterproductive hostility towards the opposing party and counsel, and to a heightened degree in cases involving pro se litigants. Lawyers often view pro se litigants as a nuisance not worth the time

required to draft a proper brief, and so they instead vent their frustrations by writing briefs heavy on scorn and condescension but light on utility. Counsel for Lucent, on the other hand, dispassionately set forth the relevant facts and issues, even those that were not helpful to his case. Counsel's brief struck the proper balance between objectively describing the record and relevant law and zealously advocating his client's position. This approach is very helpful to judges when the opposing brief, submitted by a pro se litigant, understandably does not present a clear picture of the facts and the applicant law. This approach is also tactically advantageous as it establishes credibility with the reader. I therefore applaud counsel's efforts and encourage other attorneys to follow suit.