**William MASTON, Jr., Plaintiff,**

**v.**

**MONTGOMERY COUNTY JAIL MEDICAL STAFF PERSONNEL, et al., Defendants.**

**Case No. 3:10–cv–104.**

United States District Court, S.D. Ohio, Western Division.

Nov. 8, 2011.

proceeding. *Compare* (Ex. 21 to Return of Writ, Doc. 5–2, at PAGEID 120–37) *with* (Traverse, Doc. 7.)

William Maston, Jr., Dayton, OH, pro se.

Anthony Joseph Caruso, Megan Brittney Hall, Kohnen & Patton, LLP, Cincinnati, OH, for Defendant.

**ORDER AND ENTRY: (1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE IN ITS ENTIRETY (DOC. 34); (2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 27); (3) CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; AND (4) TERMINATING THIS CASE**

TIMOTHY S. BLACK, District Judge.

This case is before the Court on the Report and Recommendations of United States Magistrate Judge Michael J. Newman, who recommends that the Court grant Defendants' Motion for Summary Judgment and certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith. (Doc. 34). Neither party filed objections to the Report and Recommendations and the time for doing so has expired. Accordingly, the issues are now ripe for determination by the Court.

As required by 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b), the Court reviewed the comprehensive findings of the Magistrate Judge *de novo*. Upon considering *de novo* all issues addressed by the Magistrate Judge, the Court: (1) **ADOPTS** the Report and Recommendations in its entirety (Doc. 34); (2) **GRANTS** Defendants' Motion for Summary Judgment (Doc. 27); (3) **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of the Court's Order would not be taken in good faith; and (4) terminates this case.

**IT IS SO ORDERED.**

**REPORT AND RECOMMENDATIONS**

MICHAEL J. NEWMAN, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff, who is proceeding *pro se,* brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his rights which he claims occurred while incarcerated as a pretrial detainee in the Montgomery County Jail ("MCJ") on February 27–28, 2010. (Doc. # 4). The remaining defendants in this action are Zachary Joyce, an Emergency Medical Technician (named in the Complaint as "Male Nurse Joyce") (hereinafter "Joyce") and nurse Jacqueline Osborne, L.P.N. (named in the Complaint as "Nurse Jackie") (hereinafter "Nurse Jackie"), who both worked at the MCJ during Plaintiff's detention. Plaintiff alleges that Joyce and Nurse Jackie (referred jointly herein as "Defendants") were deliberately indifferent to his serious medical needs in violation of his constitutional rights.

This matter is before the Court on Defendants' motion for summary judgment (Doc. 27), Plaintiff's memorandum in opposition thereto (Doc. 30), Defendants' reply memorandum (Doc. 32), and Defendants' statement of purported undisputed facts in support of their motion for summary judgment (Doc. 29).

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party must demonstrate the absence of genuine disputes over facts which, under the substantive law governing the issue, could affect the outcome of the action. *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548.

In response to a properly supported summary judgment motion, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Sixty Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir.1987). Thus, a party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, interrogatories, or other factual material showing "evidence on which the jury could reasonably find for the [non-moving party]." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. To meet its burden, the non-moving party cannot rest on the mere allegations of the pleadings. *See Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; Fed.R.Civ.P. 56(e). Although a court should liberally review claims by *pro se* claimants, it may still enter summary judgment against these plaintiffs if they rely solely on the allegations in the pleadings. *McElhaney v. Elo,* No. 98–1832, 2000 WL 32036, at *1–2, 2000 U.S.App. LEXIS 412, at *5–6 (6th Cir. Jan. 6, 2000).

At the summary judgment stage, the trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Id.* at 249–50, 106 S.Ct. 2505. The trial court need not search the entire record for material issues of fact, *Street v. J C. Bradford & Co.,* 886 F.2d 1472, 1479–80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Anderson,* 477 U.S. at 251–52, 106 S.Ct. 2505.

## III. BACKGROUND

According to Plaintiff's Complaint, he was arrested on February 27, 2010, and processed into the MCJ at approximately noon the same day. Plaintiff alleges that he informed Joyce about his medical history and the medications he takes to treat epilepsy the same day he was processed at the MCJ. (*Id.*). Plaintiff further alleges he emphasized his immediate need to take the prescription medication and provided Joyce with his doctor's name and pharmacy information. (*Id.*). Joyce acknowledges interacting with Plaintiff on the 27th, having him sign a release, and faxing the signed release to Plaintiff's pharmacy pursuant to the MCJ's policy regarding prescription medication. (Affidavit of Zachary Joyce, Doc. # 27–1, PageID 143–45).

Plaintiff contends he questioned Nurse Jackie regarding the whereabouts of his medication on February 28, 2010, at approximately 10 a.m. (Doc. # 4, PageID 20). Nurse Jackie acknowledges interacting with Plaintiff on the 28th, reviewing the distribution list of medications to be disbursed and not seeing Plaintiff's name, checking the MCJ's computer records regarding Plaintiff's inquiry, and learning from the computer records that Joyce had already sent the release to Plaintiff's pharmacy. (Affidavit of Jacqueline Osborne, Doc. # 27–2, PageID 146–48).

Plaintiff alleges that he had a "violent seizure due to no meds [being] administered to [him]" at approximately 3:00–4:00 p.m. on February 28th. (Doc. # 4, PageID 20). He claims that as a result of his seizure, he "ran into a brick pillar head first, fell back[,] got up[,] and ran into 2 steel tables busting both of [his] knee caps." (*Id.*). Plaintiff was treated at Grandview Hospital and was subsequently returned to the MCJ. (PageID 56–64). Plaintiff was eventually released from incarceration on March 9th, 2010. (Doc. # 4, PageID 20). He now seeks monetary damages for his "pain, suffering, and neglect of [his] rights as a citizen," and requests "some type of reprimand be handed down to the listed/guilty staff parties involved in this manner." (PageID 21).

Plaintiff's sole remaining claim is brought pursuant to 42 U.S.C. § 1983 against Defendants for allegedly failing to provide him with the physician-prescribed medication he takes to treat epilepsy and prevent seizures on February 27–28th while in the MCJ's custody. (Doc. # 4, PageID 20).

## IV. ANALYSIS

"Pretrial detainees have a right under the Fourteenth Amendment to adequate medical treatment, a right that is analogous to the right of prisoners under the Eighth Amendment." *Spears v. Ruth,* 589 F.3d 249, 254 (6th Cir.2009). In order to establish his claim for relief under 42 U.S.C. § 1983 [1] for a denial of medical care, Plaintiff must present evidence showing "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). An inmate who is allowed to

---

1. For purposes of the motion for summary judgment, the undersigned assumes, without deciding, that Defendants were persons acting under color of state law when they interacted with Plaintiff. *See West v. Atkins,* 487 U.S. 42, 57, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (finding medical personnel who contracted with state to furnish medical services to inmates within confines of prison were acting "under color of state law for purposes of § 1983" when they treated inmate).

suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. *Id.* Such a claim has both an objective and subjective component. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

■■■ The objective component requires that the deprivation alleged be "sufficiently serious." *Id.* at 834, 114 S.Ct. 1970. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Under the subjective component, Plaintiff must establish that Defendants acted with deliberate indifference to his serious medical needs, *Estelle,* 429 U.S. at 106, 97 S.Ct. 285, which requires evidence that defendants ignored a known risk of harm. *Farmer,* 511 U.S. at 837, 842, 114 S.Ct. 1970.

■■■ A prison official may be held liable for denying an inmate humane conditions of confinement only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer,* 511 U.S. at 847, 114 S.Ct. 1970. Prison officials must exhibit more than lack of due care for a prisoner's health or safety before an Eighth Amendment violation will be found. *Id.* at 835, 114 S.Ct. 1970. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837, 114 S.Ct. 1970. It is not enough that the official "should" have perceived a significant risk, but did not. *Id.* Moreover, liability will not be found where a prison official actually knew of a substantial risk of harm to an inmate if he responded reasonably to the risk, even if the harm ultimately was not averted. *Id.* at 844., 114 S.Ct. 1970

■■■ Applying these standards to the instant case, the Court finds that Plaintiff fails to establish his Eighth Amendment claim. Notably, the objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County,* 390 F.3d 890, 899 (6th Cir.2004). If, however, the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore,* 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cty., Ky.,* 238 F.3d 739, 742 (6th Cir.2001).

Defendants argue that they are entitled to summary judgment on Plaintiff's § 1983 claim for three reasons: 1) Plaintiff did not suffer from a sufficiently serious medical deprivation; 2) Plaintiff has failed to show deliberate indifference on the part of Defendants; and 3) the evidence presented by Plaintiff is insufficient to prove causation (and thus Plaintiff's *prima facie* case) as a matter of law. (Doc. 27). In support of their motion, Defendants have submitted signed affidavits from Joyce, Nurse Jackie, and Brenda Ellis, M.D., the MCJ's medical director. (Docs. 27–1, 27–2, 27–3). Plaintiff, on the other hand, has provided no evidence acceptable under Rule 56 that this Court can consider in ruling on Defendants' motion.

■■■ Rule 56 requires parties to support their factual assertions with admissible evidence. Fed.R.Civ.P. 56(c), (e). When opposing summary judgment, a party cannot rely on allegations or denials in

unsworn filings. *Viergutz v. Lucent Techs., Inc.*, 375 Fed.Appx. 482, 485 (6th Cir.2010). Moreover, the Sixth Circuit has explicitly held that a party's "status as a *pro se* litigant does not alter [this] duty on a summary judgment motion." *Id.*; *see also Johnson v. Stewart*, No. 08–1521, 2010 U.S.App. LEXIS 27051, at *6–7 (6th Cir. May 5, 2010) (holding "[t]he liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage.").

Beyond Plaintiff's verified complaint, Plaintiff has not responded to Defendants' motion with any admissible sworn statements, depositions, answers to interrogatories, or affidavits. Instead, Plaintiff's retort to Defendant's motion consisted of approximately thirteen handwritten, unsworn lines on a copy of Defendants' statement of proposed undisputed facts, along with two pages of unauthenticated medical records from February 21, 2011. (*See* Doc. 30–1). The record contains other medical records submitted by Plaintiff as part of his response to Defendants' motion for dismissal (*see* Doc. 14, PageID 56–64), but those too are unauthenticated. *See* Fed.R.Evid. 901. Although Plaintiff's Complaint was signed under the penalty of perjury, his pleading allegations do not contain enough detail to create a genuine dispute of material fact regarding any alleged constitutional violation. *See* Fed. R.Civ.P. 56(a); *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir.2009) (stating that, at summary judgment, the plaintiff has the burden of "set[ting] forth specific facts showing that there is a genuine issue for trial" and that an issue of fact is "genuine" only if a reasonable jury could find for the plaintiff).

Moreover, Plaintiff has not provided any medical or other evidence showing that he suffered from a serious medical need *and* that he sustained injuries as a result of Defendants' alleged actions. Without any medical evidence substantiating either Plaintiff's purported history of epilepsy or evidence demonstrating that the deprivation of medication caused the injuries here,[2] Plaintiff fails to establish either component of his deliberate indifference claim. Furthermore, with respect to the subjective component, nothing in the record demonstrates that the conduct of Defendants *amounts to deliberate indifference or that they were aware of conditions which posed a substantial risk of harm to Plaintiff and acted with a conscious disregard for that risk. See Farmer*, 511 U.S. at 847, 114 S.Ct. 1970.

Plaintiff was required to present verifiable medical evidence of harm resulting from the delay in receiving treatment for his alleged injuries and that such harm was attributable to Defendants, but has failed to do so in this case. Even if Defendants' actions or inactions here were enough to rise to negligence, the Sixth Circuit has explicitly held that negligence is insufficient to maintain a § 1983 claim. *Weaver v. Shadoan*, 340 F.3d 398, 411 (6th Cir.2003) (holding "[w]hen dealing with medical care for detainees, negligence does not state a cause of action under § 1983."). Plaintiff has failed to show his claim rises

**2.** The Court particularly notes that in the medical records dated February 21, 2011, submitted by Plaintiff in his response to Defendants' motion, he was diagnosed with "Medication-resistant complex partial seizures." (PageID # 193). To overcome summary judgment, Plaintiff would have to show that the injuries sustained at the MCJ would not have occurred had he been given his medication. If anything, these records create serious doubt that the medication would have made a difference in light of the diagnosis that Plaintiff's seizures are resistant to medication.

to the level of a constitutional violation and summary judgment is therefore appropriate in favor of Defendants.

## V. RECOMMENDATIONS

**IT IS THEREFORE RECOMMENDED:**

1. Defendants' **motion for summary judgment** (Doc. 27) should be **GRANTED.**

2. This matter should be **CLOSED.**

3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of the Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997).

October 7, 2011